April 6, 1908.

————o————

No. 4330.

Court of Appeal, Parish of Orleans.

ANDREW A. GUNBY VS. R. P. LESSASSIER.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

T. M. & J. D. Miller, Chas. F. Fletchinger, Plaintiff and Appellee.

J. Dymond, Jr., Omer Villere and Morgan & Milner, Defendant and Appellant.

DUFOUR, J. The plaintiff, doing business under the name of the Monroe Sash & Blind Co., (of the Parish of Ouchita), sued defendant for materials furnished for use on a building contract which he had in reference to the erection of a building for the Equitable Realty Co. of this city.

After various amendments of the petition, the net amount of balance sued for resolved itself into the sum of $592.29.

The answer admits an indebtedness of $83, claims that all the material ordered was not delivered, that the work was in part imperfectly executed and caused defendant an outlay of $468.30 for making the alterations necessary to carry out the contractual obligation. A reconventional demand was also made for an amount alleged to be due by plaintiff to defendant under another contract, known as the Hincks contract; to this demand a plea of *lis pendens* was filed by plaintiff. The judge correctly sustained the plea, the reconventional demand stating explicitly that "a separate suit is now pending in the Civil District Court for the Parish of Orleans between plaintiff and defendant on account of said account and claim."

There was judgment in favor of Gunby for $556.79 and in favor of Lessassier vs. Gunby for $357.70; defendant has ap-

176

pealed, and plaintiff has answered the appeal and asked that a net judgment for $592.29 be rendered in his favor.

In the course of his reasons for judgment our careful brother of the district court said:

"There must be deducted from the above amounts the price of thirty-six single sash, which were not furnished by Judge Gunby and for which he cannot therefore make a charge, amounting to $36.

Defendant reconvenes and claims certain labor and material bills set forth in his answer, which were rendered for the correction of certain errors made by Judge Gunby in the furnishing of materials. There was some question as to the right of Lesassier to do the work at the expense of Judge Gunby; but the testimony of Lessassier, corroborated by that of Verret, shows that Lesassier was authorized to do some of the work, if not all of it, or that if he was not authorized specially to do the work, Judge Gunby approved of it, the work being done in his presence without any objection on his part. Lesassier testified that Judge Gunby, in the presence of Verret said that he, Gunby, wanted Lesassier to do everything he could in letting him down on the question of expense, making the expense of the alterations as light as possible. Verret testified to the same effect as follows: Then he (Gunby) asked me to try and do whatever I could for him, to be leinent with him as I possibly could and I told him that I had already done that. Verret testified that he kept the time of the laborers who worked on the repairs which were authorized or approved by Judge Gunby, and they will be allowed. Mr. Stone testified that he purchased the materials necessary for the repairs on the work made necessary by the defaults and mistakes of Judge Gunby, but there is only one bill for materials as to which he testifies that he himself ordered all of the items thereon, namely, the Glass and Mirror work amounting to $116.65."

The total allowance in favor of defendant was $357.70; all the other items claimed in the answer were rejected by the trial judge as not made "perfectly clear."

We think that, with a single exception, he was correct. The charge of $18.90 for repairs to stairs is sufficiently proved and is allowed; this makes a total allowance to the defendant of $376.60.

The price of the thirty-six single sash should have been allowed

plaintiff; his witnesses testify that, with other items in the exhibits, they were duly shipped, and the testimony of Lesassier to the effect that they were not received is not convincing. He says in part: "I remember the sash being missing, or something being wrong with it, but just what it was, I don't remember now. I am trying to think about that but I can't locate that particular item."

The amount allowed plaintiff now is $592.29.

A due appreciation of the character of the pleadings suggests a recasting of the judgment.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff A. A. Gunby and against defendant Richard P. Lesassier for the sum of two hundred and fifteen and sixty-nine one hundredths dollars ($215.69) with legal interest from judicial demand and for costs, and that, as amended, the judgment be affirmed, defendant to pay costs of appeal."

February 10, 1908.

Rehearing granted, March 23, 1908.

## ON REHEARING.

Re-examination of the record has convinced us of the fact that the application for a rehearing is based on a misapprehension of the evidence.

DUFOUR, J. In his application for a re-hearing, the defendant's attorney admits that the point, in reference to which error in our opinion is alleged, "was not properly stated in presenting the case in argument and brief" and says: "It is true that the lower Court in its reasons for judgment held that the thirty-six sash were not furnished. The lower Court was in error in holding as it did and in allowing a credit to the defendant for $36, on this score and should have allowed defendant a credit of thirty-nine dollars and sixty cents in place of a credit of $36, not because the sash had not been furnished, but because the sash had not been furnished glazed. Therefore, instead of allowing a credit to plaintiff of $36, this credit should not have been allowed to plaintiff by the Court of Appeal, and an additional credit of $3.60 should have been allowed to defendant by your Honors."

The suggestion thus made for the first time is not in accordance with defendant's original theory of the case, and is a shifting of position not supported by the evidence.

Lesassier's testimony in this respect is vague and unsatisfactory, he says: "I remember the sash being missing, or something being wrong with it, but just what it was, I don't remember now."

He also says that the claim should appear on the bill of Cook & Larie but it did not and "I (he) am trying to think about that, but I (he) can't locate that particular item."

On the other hand, the testimony of plaintiff's witnesses is that the sash work was furnished glazed.

It is therefore ordered that our previous decree remain undisturbed.